UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF INDIANA
SOUTH BEND DIVISION

| | |
|---|---|
| YUN YI CHANG,<br><br>    Petitioner,<br><br>    v.<br><br>KRISTI NOEM, TODD LYONS,<br>RUSSELL HOTT, PAMELA BONDI,<br>WARDEN,<br><br>    Respondents. | CAUSE NO. 3:25-CV-1060 DRL-SJF |

ORDER TO SHOW CAUSE

Immigration detainee Yun Yi Chang, by counsel, filed a petition for a writ of habeas corpus under 28 U.S.C. § 2241, alleging he is unlawfully confined in violation of the laws or Constitution of the United States. Mr. Chang alleges he is a native of South Korea but is not a citizen of that country and considers himself to be stateless. He explains he was born in South Korea, but South Korea does not recognize him as a citizen because his parents and grandparents were not South Korean citizens at the time of his birth. He alleges he entered the United States as a lawful permanent resident as a child around 1985. At the time, he entered on a Taiwanese travel document, which has since expired, but he believes Taiwan also does not recognize him as a citizen.

Mr. Chang alleges he was ordered removed to South Korea based on a 1997 criminal conviction in Missouri, and the removal order became final in 1999. He says, when he was released from state custody, he was transferred to the custody of United States Immigration and Customs Enforcement (ICE). About six months later, ICE

released him on an order of supervision under 8 U.S.C. § 1231(a)(3) because South Korea did not accept him for removal, and there was no significant likelihood of removal within the reasonably foreseeable future.

A few years later, Mr. Chang committed another state law crime in 2004 and was convicted and sentenced to a term of imprisonment. Upon his release from criminal custody in June 2006, he was transferred to ICE custody but released the same month on supervision because South Korea did not accept him for removal.

Mr. Chang committed another state law crime in 2012. He was convicted and sentenced to a term of imprisonment. Upon his release from criminal custody in August 2023, he was transferred to ICE custody. Mr. Chang believes ICE again attempted to execute his removal order, but South Korea did not accept him for removal. He was released in September 2023 on an order of supervision. Mr. Chang alleges that upon his release on supervision, he was granted employment authorization and over the next two years complied with all conditions of his supervised release.

Mr. Change alleges he was arrested on March 27, 2025 by ICE when he left his home in Maryland to go to work. He claims he was re-detained without any forewarning based on a purported "new directive." He says he was not given a notice of revocation of his release or any other paperwork explaining why he was being arrested and why his supervised release was being revoked. He believes the decision to revoke his supervised release was taken by a low-level ICE officer, not a field office director or headquarters-level executive associate director.

Mr. Chang alleges that at the time of his arrest, ICE lacked any articulable basis to believe that South Korea, or any other country, would accept him for removal, or that there was any change in circumstances regarding the likelihood of removal since his most recent release on supervision. While he has been detained, he asserts that at ICE's request, he filled out a travel document request to Taiwan in April 2025 and a travel document request to Hong Kong in August 2025, but neither country has provided him travel documents or is likely to do so in the future. Mr. Chang alleges his removal does not seem to be occurring in the reasonably foreseeable future, so his current detention is in violation of his due process rights, is unlawful under *Zadvydas v. Davis*, 533 U.S. 678, 687 (2001), and is in violation of agency regulations governing continued detention. He also alleges his detention is unlawful because ICE had no legal basis under the regulations to revoke his supervision order or to re-arrest, and the decision to do so was taken by an official who lacked authority to do so under 8 C.F.R. § 241.4(l)(2). He asks the court to vacate the notice of revocation and restore the supervision order.

The court has subject matter jurisdiction under 28 U.S.C. § 2241 to review the legality of petitioner's detention, but that jurisdiction does not extend to reviewing orders of removal issued by an immigration court or discretionary decisions of the Attorney General. *See Demore v. Kim*, 538 U.S. 510, 517 (2003); *Zadvydas v. Davis*, 533 U.S. 678, 687 (2001). Here, Mr. Chang alleges several reasons he believes his detention is unlawful. The court has jurisdiction to review the legality of his detention under 8 U.S.C. § 1231(a). Whether the remaining claim concerning the revocation of the supervision order may be

3

properly considered in a petition for habeas corpus is a matter that may be addressed in the briefs, though the court has its doubts.

Finally, Mr. Chang includes several respondents who are not his "immediate custodian" and who do not exercise "day-to-day control" over Miami Correctional Facility, where he is being held. *Kholyavskiy v. Achim*, 443 F.3d 946, 953 (7th Cir. 2006). Relying on *Rumsfeld v. Padilla*, 542 U.S. 426 (2004), the court of appeals there concluded the proper respondent in an immigration habeas case challenging the constitutionality of a petitioner's confinement is the warden of the facility where the petitioner is being held, not a supervisory official who has the authority to free the petitioner. Therefore, Mr. Chang will be ordered to show cause why United States Secretary of Homeland Security Kristi Noem; Acting Director of the United States Immigration and Customs Enforcement Todd M. Lyons; Director of the Chicago ICE Field Office Russell Hott; and Attorney General Pamela Bondi should not be immediately dismissed from this proceeding. Though the court will ensure notice to these parties, the court anticipates that, given normal protocols, the United States Attorney for the Northern District of Indiana will respond on behalf of the federal government and the custodial warden.

For these reasons, the court:

(1) DIRECTS the clerk to serve a copy of this order and the petition (ECF 1) by certified mail, return receipt requested, to (a) the Civil-Process Clerk for the United States Attorney for the Northern District of Indiana; (b) the Attorney General of the United States; (c) the Secretary of the Department of Homeland Security, at the Office of General Counsel, (d) the Acting Director of the United States Immigration and Customs

Enforcement at the Office of the Principal Legal Advisor, (e) the Director of the Chicago ICE Field Office at the Office of the Principal Legal Advisor;  and (e) the Warden of Miami Correctional Facility at the Indiana Department of Correction;

(2) DIRECTS the clerk to email a copy of this order and the petition (ECF 1) to (a) the Indiana Department of Correction; (b) the Warden of Miami Correctional Facility at Miami Correctional Facility, and (c) the United States Attorney for the Northern District of Indiana;

(3) ORDERS the respondents listed in the previous order line to acknowledge receipt of the petition to the clerk and DIRECTS the clerk to make a notation on the docket upon receiving confirmation of receipt of those deliveries;

(4) ORDERS respondents to file a brief status report by **December 26, 2025**, detailing whether there are plans to remove Yun Yi Chang from the United States in the next thirty days and, if so, to where; and

(5) ORDERS respondents to answer the petition by **January 6, 2026**, with the reply due **January 13, 2026**, with the petitioner to SHOW CAUSE by that date why the respondents beyond the custodial warden should not be immediately dismissed from this proceeding as improper parties.

SO ORDERED.

December 23, 2025                                  *s/ Damon R. Leichty*
                                                   Judge, United States District Court